IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| VICTORIA GROGAN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-12-284 |
| | § | |
| LA MARQUE ISD, ET AL. | § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral from the Honorable Gregg Costa, United States District Judge, is the "Motion to Dismiss" of Defendant, La Marque Independent School District (LMISD); the Motion seeks the dismissal of the lawsuit of Plaintiff, Victoria Grogan, for lack of subject matter jurisdiction. Having considered the Motion, Grogan's response, LMISD's reply, the Court's file and the applicable law, the Court now submits this Report and Recommendation to Judge Costa.

Grogan, acting *pro se*, filed "Plaintiff's Original Petition for Breach of Contract" on September 26, 2012, naming the La Marque Independent School District, its Board of Trustees and eight individual school officials as Defendants. In her petition, Grogan alleged that as a class room teacher at LMISD she was eligible to receive, in addition to her salary, payments from the state under the Texas Teacher Career Ladder Plan from 1984 until it was abolished in 1993. Unfortunately, for Grogan, she never received any "career ladder" pay. After her grievance proved unsuccessful she filed this federal suit for breach of contract and breach of fiduciary duty. Grogan paid the appropriate filing fee.

On October 18, 2012, this Court, as is its practice in cases involving *pro se* Plaintiffs, held a Status Conference with Grogan to assist her in advancing her case.  Because Grogan had paid the filing fee and, therefore, would be responsible for all costs attendant to service of process on the eleven Defendants, this Court suggested that she begin by serving LMISD, the only Defendant who was her actual employer.  Grogan agreed and on November 9, 2012, in lieu of an answer, LMISD filed the instant Motion to Dismiss asserting that this Court has no subject matter jurisdiction over Grogan's state law claims and that she had not exhausted her administrative remedies.  That Motion is now ripe for determination.

Federal Courts are courts of limited jurisdiction.  Unlike state courts, federal courts have no "inherent" or "general" subject matter jurisdiction.  They can only adjudicate cases that the United States Constitution and Congress authorize them to adjudicate:  those involving suits between citizens of separate states (diversity of citizenship jurisdiction); those involving claims under the Constitution, federal statutes, federal treaties and federal regulations (federal question jurisdiction); and those in which the United States is a party.  See Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 377 (1994)

Grogan has alleged claims for breach of contract and breach of fiduciary duty.  These are state law claims which cannot be prosecuted in this case unless the citizenship of the parties is completely diverse.  Clearly, Grogan is a citizen of Texas and LMISD is also, for diversity purposes, considered a Texas "citizen."  The Court presumes the other nine Defendants are also Texas citizens, but regardless, diversity of the parties must be complete; a single properly joined non-diverse defendant precludes the exercise of federal jurisdiction over state law claims.  Under

2

the circumstances of this case, a United States District Court is powerless to consider Grogan's claims.   Since the Court lacks subject matter jurisdiction, it should not address LMISD's exhaustion allegations since any findings would go to the potential merits of Grogan's claims which she must pursue, if at all, in state court.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the "Motion to Dismiss" (Instrument no. 6) of Defendant La Marque Independent School District be **GRANTED** and that the "Plaintiff's Original Petition for Breach of Contract" be **DISMISSED, without prejudice**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **January 25, 2013**, to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk.   The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.   Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____8th_____ day of January, 2013.

_____
John R. Froeschner
United States Magistrate Judge