IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| VICTORIA GROGAN | § |
| | § |
| VS. | § CIVIL ACTION NO. G-12-284 |
| | § |
| LA MARQUE ISD, ET AL. | § |

## OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation from Magistrate Judge Froeschner which recommends that the "Motion to Dismiss" of Defendant, La Marque Independent School District, be granted and the "Original Petition for Breach of Contract" of *pro se* Plaintiff, Victoria Grogan, be dismissed, without prejudice, for lack of subject matter jurisdiction. Plaintiff filed a timely objection to the Report and Recommendation and Defendant filed a response, therefore, the matter is now ripe for determination.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the file and has concluded that, with the following additional findings, the Report and Recommendation should be adopted by this Court. As Magistrate Judge Froeschner found, Plaintiff's Original Petition alleged only state law claims for breach of contract and breach of fiduciary duty. When Defendant challenged the Court's subject matter jurisdiction, Plaintiff, in her response to the Defendant's Motion to Dismiss, asserted, for the first time, her intent to pursue a procedural due process claim under 42 U.S.C. § 1983. In her objection she augmented her due process allegation. Unfortunately, for Plaintiff, these tardy attempts to create federal question jurisdiction cannot succeed. Even if the Court were to liberally construe Plaintiff's allegation as an

amendment to her Original Petition, an amendment cannot provide a remedy for defective jurisdiction itself. Boelens v. Redman Holmes, Inc., 755 F.2d 504, 512 (5th Cir. 1985) (Amendments under 28 U.S.C. § 1653 to cure "defective allegations of jurisdiction" are not allowed "to create jurisdiction retroactively where none existed.") (quoting Field v. Volkswagenwerk A.G., 626 F.2d 293, 306 (3d Cir. 1980)  This Court, therefore, lacked, and still lacks, subject matter jurisdiction over Plaintiff's Petition.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1) the objection of Plaintiff, Victoria Grogan, to the Report and Recommendation is **OVERRULED**;

2) the Report and Recommendation of Magistrate Judge Froeschner, as supplemented by this Opinion and Order, is **APPROVED** and **ADOPTED** by this Court;

3) the "Motion to Dismiss" (Instrument no. 6) of Defendant, La Marque Independent School District, is **GRANTED**; and

4) the "Original Petition for Breach of Contract" of Plaintiff, Victoria Grogan, is **DISMISSED, without prejudice, for lack of subject matter jurisdiction.**

DONE at Galveston, Texas, this 28th day of February, 2013.

_____
Gregg Costa
United States District Judge